UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DARRELL DEWIGHT TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:24-cv-01666-LCB |
| CONSTRUCTION CLAIMS MANAGEMENT, INC. and DANA BAKER, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Darrell Dewight Taylor, proceeding *pro se*, filed a Complaint against Construction Claims Management, Inc., and Dana Baker, an Adjuster and Claim Services Representative at Construction Claims Management, alleging Defendants failed to pay workers' compensation benefits after he suffered an on-the-job injury while working for Specialty Contractor LLC, "on a Federal Court House in Mississippi." (Doc. 1, at 5). Presumably because Defendants denied the claim due to lack of medical documentation, Taylor also asserts Defendants discriminated against him because he lacked medical insurance and could not afford to seek appropriate medical treatment. He seeks to obtain appropriate medical care, and he also requests $80,000 for pain and suffering, $150,000 for discrimination, and $92,440 in unpaid workers' compensation benefits. (*Id*. at 5-6).

Taylor also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The court **GRANTS** Taylor's motion to proceed *in forma pauperis*. However, for the reasons set out herein, the court **DISMISSES** this action **WITHOUT PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * * * *
>
> (B) the action or appeal--
>     (i) is frivolous or malicious; [or]
>     (ii) fails to state a claim on which relief may be granted; . . .

In conducting its review of Taylor's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Taylor checked a box on the complaint form indicating he based federal jurisdiction on the presence of a "USA Defendant." (Doc. 1, at 3). However, Construction Claims Management is a private company, and Dana Baker is an individual employee of that company. Accordingly, Taylor's complaint does not include any claims against the United States or any of its agencies or employees.

Taylor's complaint also does not assert any claims "arising under the Constitution, laws, or treaties of the United States," as federal jurisdiction under 28 U.S.C. § 1331 requires. He does not assert any constitutional violations or cite any federal statutes Defendants allegedly violated. As to his claims of discrimination, no federal statute covers discrimination on the basis of lack of medical insurance in the determination of a workers' compensation claim.

Finally, as to any state law claims, Taylor cannot satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332, which bestows subject matter jurisdiction on federal district courts when the matter in controversy exceeds $75,000, and the parties are citizens of different States. 28 U.S.C. § 1332(a)(1). Taylor resides in Athens, Alabama. His complaint lists a Montgomery, Alabama, address for both Construction Claims Management and Baker, and the Alabama Secretary of State's website confirms Construction Claims Management is an Alabama corporation. Accordingly, all parties are citizens of Alabama, complete

3

diversity of jurisdiction is not present, and the diversity statute does not permit the exercise of federal jurisdiction over any state law claims.

Because Taylor has asserted no basis for the assertion of federal subject matter jurisdiction, the court hereby **DISMISSES** this action **WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B).[1]   The Clerk is directed to close this file.

---

[1] In addition, if this court did possess subject matter jurisdiction over this case, venue would not be proper here.   Venue lies in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."   28 U.S.C. § 1391(b).   Defendants both reside in Montgomery, Alabama, which falls within the United States District Court for the Middle District of Alabama, and Taylor suffered injury while working in Mississippi.

The court notes further that the presence of workers' compensation claims may call into question any federal district court's jurisdiction.   28 U.S.C. § 1445(c) prevents the removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State."   28 U.S.C. § 1445(c).   The Eleventh Circuit has not conclusively determined whether the prohibition of removal jurisdiction also prevents a plaintiff from directly filing a workers' compensation claim in a federal district court, but other district courts within the Eleventh Circuit have found that a plaintiff may file such a claim.   *See CGI Techs. & Sols., Inc. v. Butter & Egg Adventures, LLC*, No. 2:16-CV-20-MHT-SRW, 2016 WL 6802498, at *4-6 (M.D. Ala. Sept. 1, 2016), *report and recommendation adopted*, No. 2:16CV20-MHT, 2016 WL 6804887 (M.D. Ala. Nov. 15, 2016) (finding district court had subject matter jurisdiction over a complaint brought pursuant to the Alabama Workers' Compensation Act); *Edwards v. Prime, Inc.*, No. CIV.A. 08-AR-1016-S, 2009 WL 9084932, at *7 (N.D. Ala. Mar. 4, 2009), *aff'd in part, rev'd in part, dismissed in part*, 602 F.3d 1276 (11th Cir. 2010) ("Key's claim of workers' compensation retaliation did not arrive in this court by removal, and Prime fails to cite a statute or case standing for the proposition that this court cannot exercise supplemental jurisdiction over workers' compensation claims brought originally in this court if joined with a claim or claims over which this court has jurisdiction.   In light of this absence of binding precedent, and of the fact that other district courts in the Eleventh Circuit have entertained claims similar to the one presented here, Prime's motion to dismiss Count XV [for workers' compensation retaliation] will be denied.").   This court need not decide whether to join the other district courts in permitting the filing a of a workers' compensation claim in a federal district court, as the court lacks jurisdiction for the reasons discussed above.

**DONE** and **ORDERED** December 5, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE